UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HARRY S.[1],

                         Plaintiff,

      v.                                      Case # 19-CV-1025-FPG
                                                  DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

**INTRODUCTION**

Plaintiff Harry S. brings this action pursuant to Title XVI of the Social Security Act seeking review of the denial of his application for Supplemental Security Income ("SSI").

Plaintiff protectively applied for SSI on November 19, 2015, alleging disability due to, as relevant here, back problems. Tr.[2] 170, 192. After the Social Security Administration ("SSA") denied his application, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). Tr. 24-50. On October 12, 2018, the ALJ issued an unfavorable decision. Tr. 7-23. After the Appeals Council denied Plaintiff's request for review, the SSA's decision became final and Plaintiff appealed to this Court. ECF No. 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. § 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 11. For the following reasons, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security opinions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify the plaintiff using only his first name and last initial.
[2] "Tr." refers to the administrative record in this matter. ECF No. 7.

**LEGAL STANDARD**

I. **District Court Review**

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II. **Disability Standard**

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of the claimant's age, education, and work experience. *See Bowen v. City of New York*, 476 U.S.

467, 470-71 (1986); *Lesterhuis v. Colvin*, 805 F.3d 83, 85 n.2 (2d Cir. 2015); *see also* 20 C.F.R. § 416.920.

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's benefits application using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date. Tr. 12. At step two, the ALJ assessed Plaintiff with the severe impairment of degenerative disc disease of the lumbar and thoracic spine status post surgeries of the lumbar and thoracic spine, left leg radiculopathy, and other mental impairments not relevant to this decision. Tr. 12. At step three, the ALJ found that none of Plaintiff's impairments met or medically equaled the criteria of any Listings impairment. Tr. 12. The ALJ then determined that Plaintiff retained the RFC to perform sedentary work, except that he could only occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs, and could never climb ropes or scaffolds. Tr. 14. He also could not be exposed to extreme cold, wetness, and humidity, and needed a sit-stand option that would allow him to be off task up to seven minutes every hour. Tr. 14. At step four, the ALJ found that Plaintiff was unable to perform his past relevant work. Tr. 17. At step five, the ALJ found that Plaintiff could adjust to other work that exists in significant numbers in the national economy. Tr. 18-19. Accordingly, the ALJ found that Plaintiff was not disabled. Tr. 19.

### II. Analysis

Plaintiff argues that the ALJ's RFC determination, which included highly specific exertional limitations, was not supported by substantial evidence. More specifically, Plaintiff contends that the RFC determination was erroneous because it was not supported by any medical opinions. The Court agrees.

3

Generally, an ALJ's RFC determination "must be supported by medical opinions." *Hayes v. Berryhill*, No. 17-CV-6354-FPG, 2018 U.S. Dist. LEXIS 104120, at *18 (W.D.N.Y. June 20, 2018). The RFC determination need not "perfectly correspond" with any one opinion, *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order), but "there must be some competent medical opinion guiding [the ALJ's] RFC determination." *Schultz v. Saul*, No. 18-CV-5919 (PKC), 2020 U.S. Dist. LEXIS 176915, at *16 (E.D.N.Y. Sep. 25, 2020) (citing *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998)).

There are some limited exceptions. For example, where the claimant's "impairments are relatively simple and mild," an ALJ may be able "to render a common sense judgment about functional capacity even without a physician's assessment." *Ippolito v. Comm'r of Soc. Sec.*, No. 1:18-CV-00403 EAW, 2019 U.S. Dist. LEXIS 140825, at *11 (W.D.N.Y. Aug. 19, 2019). Or where "the record contains sufficient evidence from which an ALJ can assess the claimant's [RFC], . . . a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (summary order). Neither of these exceptions apply here.

The Commissioner does not argue, and the Court does not find, that this is "a case in which Plaintiff's impairments are relatively simple and mild, such that the ALJ was permitted to render a common sense judgment about functional capacity even without a physician's assessment." *Ippolito*, 2019 U.S. Dist. LEXIS 140825, at *11.

The Commissioner does argue that no opinion evidence is necessary here because the record contains other evidence sufficient to support the ALJ's RFC determination. *See, e.g.*, *Wright v. Berryhill*, 687 F. App'x 45, 48-49 (2d Cir. 2017) (summary order) (clinical findings regarding tenderness, gait, strength, and range of motion from a treating and a consultative

4

physician supported RFC); *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) (summary order) (contemporaneous treatment notes, including many normal mental status findings, and evidence of plaintiff's extensive activities constituted substantial evidence for the RFC); *Johnson v. Colvin*, 69 F. App'x 44, 47 (2d Cir. 2016) (summary order) (plaintiff's testimony regarding activities, a doctor's statement that he had improved, and the doctor's statement that he should exercise, constituted substantial evidence for RFC). But these cases are distinguishable because in them, "the record contained some assessment of the plaintiff's functional limitations." *Williams v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 416, 417 (W.D.N.Y. 2019), *see also Smith v. Comm'r of Soc. Sec.*, 337 F. Supp. 3d 216, 226 (W.D.N.Y. 2018) ("While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is clear and contains some useful assessment of the claimant's limitations from a medical source."). Here, the record does not contain sufficient evidence from which the ALJ could assess Plaintiff's RFC without guidance from a medical opinion.

First, the records from Plaintiff's treating physician contain complex medical findings regarding Plaintiff's spinal impairments and the surgical interventions performed to treat them. "Where the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities, as a general rule, the Commissioner may not make the connection himself." *Murray v. Comm'r of Soc. Sec.*, No. 18-CV-326P, 2019 U.S. Dist. LEXIS 154159, at *6 (W.D.N.Y. Sep. 10, 2019) (citation, internal quotation marks, and brackets omitted). Such is the case here.

Second, the record contains insufficient testimonial evidence. Plaintiff's testimony during the hearing failed to shed adequate light on his ability to perform work-related functions. *See id.*

at *8. For example, when Plaintiff's attorney asked him how long he was able to sit before his back started hurting him, he answered, "It's bad, it's like my back is on fire." Tr. 35. And when the attorney asked him how long he could stand, he said, "If I had to stand absolutely probably about five or ten, I have to take a break." *Id.* It is unclear from these answers how long Plaintiff could sit or stand in a workday. The remainder of the hearing transcript is similarly unhelpful. All that is clear is that Plaintiff experiences back pain while sitting, standing, and walking. It is not clear what functions Plaintiff still retains the capacity to perform and for how long.

The Commissioner argues that the evidence is sufficient to support the ALJ's RFC determination because the record contains "medical permits" from Plaintiff's prison institution that are consistent with the ability to perform sedentary word. The Court is not convinced. The "medical permits" are forms from Groveland Correctional Facility which contain check boxes for activities that the subject cannot perform. "Health supervisors" at Groveland—whose credentials are not clearly identified, but whom the ALJ indicated were nurse practitioners—filled out several of these permits for Plaintiff, but they conflicted over the course of time. For example, one permit dated September 1, 2017 assigned no restrictions to Plaintiff and authorized him to work in the mess hall. Tr. 466. But an identical permit dated April 3, 2018 checked the boxes for almost all of the possible restrictions, including no lifting more than 10 pounds, no standing for more than 60 minutes, no raising arms above the chest, no climbing ladders, no engaging in sports activities, no pushing/pulling/bending/shoveling, and no working with machines or power tools. Tr. 467. The April 2018 permit was silent as to whether Plaintiff was authorized to work in the mess hall. And in any case, it is not clear how authorization to perform unspecified tasks in the mess hall for unspecified periods of time translates to the ability to perform full time work.

The medical permits are the closest the record comes to offering opinion evidence. The ALJ gave them minimal weight because they varied from time to time, they were given by a nurse practitioner at the correctional facility and not an acceptable medical source, and they were based upon the rules of the facility and not the rules of the SSA. Tr. 17. While these reasons are well-taken, the ALJ's repudiation of the medical permits only highlights the absence of any medical opinion evidence in the record. Accordingly, the Court finds that remand is required. *See Murray*, 2019 U.S. Dist. LEXIS 154159, at *8 ("Where the record lacks a 'useful assessment' of the claimant's limitations, remand is appropriate.").

The Court notes that the record here does not appear to support greater limitations than the ones the ALJ ultimately imposed, but "given the lack of any competent medical opinion, the Court, like the ALJ, is not in a position to assess the extent of functional limitation posed by [Plaintiff's] impairments." *Agostino v. Comm'r of Soc. Sec.*, No. 18-CV-1391-FPG, 2020 U.S. Dist. LEXIS 3169, at *10 (W.D.N.Y. Jan. 8, 2020). Given the absence of opinion evidence, the ALJ was obligated to develop the record, either by seeking out a treating source opinion or by ordering a consultative examination. *Williams*, 366 F. Supp. 3d at 418 ("Here, the lack of opinion evidence creates an obvious gap in the record, and it is considered reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for [her] to make an informed decision. The ALJ was required to exercise [her] independent duty to develop the record and, at a minimum, secure a consulting physician to examine Plaintiff and render an opinion as to her functional limitations." (quotation, citation, and alteration omitted)). [3]

---

[3] The Commissioner argues that Plaintiff failed to appear for consultative examinations and thus he cannot complain about a lack of opinion evidence in the record. However, the circumstances surrounding this are unclear. Neither party addresses the reasons why Plaintiff missed the examinations. The ALJ's decision does note that Plaintiff missed two consultative exams, but it does not say why, and this notation was in a paragraph regarding mental limitations, so it is not clear if a consultative exam was ordered for a physical assessment, or if the missed exams had any effect on the ALJ's physical RFC determination. Without more, this argument does not save this case from remand. *See*

Accordingly, the Court finds that remand is required.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 10, is GRANTED, the Commissioner's motion, ECF No. 11, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 19, 2020
       Rochester, New York

                                         HON. FRANK P. GERACI, JR.
                                         Chief Judge
                                         United States District Court

---

*McClean v. Astrue*, 650 F. Supp. 2d 223, 228 (E.D.N.Y. 2009) (explaining that an ALJ may rely on a claimant's failure to comply with SSA regulations, but his decision must explain the effect (if any) such failure had on the decision).